IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deborah Fischbach

    Plaintiff,

vs.

COMMUNITY MERCY HEALTH
    PARTNERS, et al.,

    Defendants.

Case No. 3:11CV00016

Judge Thomas M. Rose

Magistrate Sharon Ovington

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope.** All documents produced in the course of discovery, including all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly there from (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The designation 'CONFIDENTIAL' does not mean that the document has any status or protection by statute or otherwise expect to the extent and for the purposes of this Order.

**3. Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available, or documents subject to the physician-patient privilege. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

**4. Depositions.** Attendance at depositions taken in this action at which CONFIDENTIAL documents or any information contained in those documents is identified, discussed, or disclosed will be limited to the deposition notary or court reporter, the witness, counsel for the witness, the parties, counsel for the parties, agents for counsel of the parties, and any representatives of the parties who have agreed in writing to be bound by the terms of this Protective Order. If any such CONFIDENTIAL documents are to be used during the deposition in this action of any person who is not a party, the deponent will be required to acknowledge on the record that he or she is aware of and agrees to be bound by the terms of this Protective Order. That portion of the deposition transcript concerning any such CONFIDENTIAL document subject to this paragraph will not be disclosed to any person except as provided in this Protective Order and will be bound separately by the court reporter and labeled "CONFIDENTIAL." The parties further agree that this Protective Order will apply, as it applies to documents, to all testimony (including depositions) relating to CONFIDENTIAL documents and transcriptions of the testimony given in this case.

**5. Protection of CONFIDENTIAL Material.**

    **(a) General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any

2

other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

> **(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;
>
> **(2) Parties.** Parties and employees of a party to this Order.
>
> **(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;
>
> **(4) Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound;
>
> **(5) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound.
>
> **(6) Insurance Carrier Representatives.**

3

**(c) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising there from.

**(d) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided the indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e) Inadvertent Production.** Either party may notify another party that materials that should have been designated as confidential under this order were inadvertently produced without the confidential designation. On receiving such notice, the receiving party will: (1) immediately treat the material as if it had been so designated; (2) place the appropriate designation on the material within five (5) working days of receipt of such notice; and (3) provide the requesting party with a list of all persons who are known to have seen, had access to, or learned the contents of such material.

4

**6. Filing of CONFIDENTIAL Documents Under Seal.** All submissions to the Court which incorporate or disclose confidential documents shall be labeled and filed with the Clerk and submitted to the Court in a sealed container with the caption of this action and the words "SEALED-SUBJECT TO PROTECTIVE ORDER DATE [insert date]," and the following statement: "This contains [description of contents] which incorporates confidential documents, and is not to be opened nor its contents to be revealed to anyone other than authorized court personnel or counsel of record, except by Order of the Court." To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information

    **(a)** Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

    **(b)** Where agreement is not possible or adequate, before a CONFIDENTIAL document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL" displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

    **(c)** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading

may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Courts.

**7. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentially designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice of specifying the documents and the nature of the agreement.

**8. Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

**9. Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent an order of the Court, there will be no restrictions on the use of any document that

6

may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived there from, such party shall provide advance notice to the other party at least ten (10) business days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**10. Obligations on Conclusion of Litigation.**

    **(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b) Return of CONFIDENTIAL Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶5(d), shall be returned to producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product

7

in a subsequent litigation provided that its use does not disclosure or use CONFIDENTIAL documents.

**(c) Return by Clerk of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**12. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Ohio Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

_____
Judge/Magistrate

AGREED TO BY:

/s/ Steven J. McCready
Steven J. McCready (0009447)
Randall M. Comer (00072567)
Samuel E. Dowse (0082593)
Martin, Browne, Hull & Harper
One S. Limestone St., Suite 800, P.O. Box 1488
Springfield, OH 45501-1488
Phone: (937) 324-5541
smccready@martinbrowne.com
*Attorneys for Defendants*


/s/ Joseph A. Mamone
Joseph A. Mamone (0025283)
Nancy A. Zoller (0037933)
Gurney, Miller & Momone
75 Public Square, #1100
Cleveland, Ohio 44113
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH FISCHBACH | : | |
| | : | Case No. 10CV1501 |
| Plaintiff, | : | |
| | : | Judge Thomas M. Rose |
| vs. | : | |
| | : | Magistrate Sharon Ovington |
| COMMUNITY MERCY HEALTH | : | |
| PARTNERS, et al., | : | **ACKNOWLEDGMENT AND** |
| | : | **AGREEMENT TO BE BOUND** |
| Defendants. | : | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly there from to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____  _____
　　　　　　　　　　　　　　　Signature